UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> -vs.-<br><br>RICHARD WOODARD,<br><br>   Defendant. | Case No. 1:20CR00473-001<br><br>The Honorable Judge<br>PAMELA BAKER<br><br>SENTENCING MEMORANDUM<br>FOR DEFENDANT |

  Richard Woodard ("Woodard"), by and through undersigned counsel, provides the attached memorandum for this Court's consideration in advance of the August 13, 2025, sentencing hearing in this case.

                Respectfully submitted,

                <u>/s/ Fernando O. Mack</u>
                FERNANDO O. MACK
                Reg. No.: 0062937
                1220 W. 6th St., Ste. 203
                Cleveland, OH 44113
                Phone: (216) 256-9610
                Fax: (216) 575-7664
                Email: losmacks@msn.com
                *Attorney for Defendant*

**SENTENCING MEMORANDUM**

I. **STATEMENT OF THE CASE**

On September 3, 2020, the government filed a 5-count Indictment charging Woodard with drug and firearm violations. On February 18, 2021, Woodard was named in a 6-count Superseding Indictment in the Northern District of Ohio for conduct occurring between July 28, 2020, and August 7, 2020. Count one charged Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); count two charged Distribution of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); count three charged Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B); count four charged Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2); count five charged Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); count six charged Distribution of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). A penalty enhancement for Death Resulting from Use of Controlled Substance was attached to count six of the Superseding Indictment. A forfeiture allegation was attached to the Superseding Indictment.

On April 29, 2025, Woodard was found guilty by a jury trial on counts one through six. He was not found guilty of the penalty enhancement attached to count six. The matter was referred for a presentence report and a sentencing hearing is set for August 13, 2025, at 9:00 AM.

II. **LAW AND ARGUMENT**

    A. **The Sentencing Guidelines are Merely Advisory and Not Binding Upon this Honorable Court**

On January 12, 2005, the United States Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S.

466 (2000), applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id.* at 751. Accordingly, and reaffirming its holding in *Apprendi*, the Court concluded that:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Id.* at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1), or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), are incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id.* at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> [R]equires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* §3553(a).

*Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of the number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1));
2) "the kinds of sentences available" (§3553(a)(3));
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6); and
4) "the need to provide restitution to any victims of the offense." (§3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. §5H1. See also: *United States v. Naylor*, 359 F.Supp.2d 521, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline

range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was 17, and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and §3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362 F.Supp.2d 365, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.).  See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts impose a sentence "sufficient, but not greater than necessary," to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation.  *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

### B. Application of the Statutory Sentencing Factors to the Facts of this Case

<u>*Offense Level*</u>. As calculated by the probation department, Woodard's base offense level is twenty-eight (28). Two (2) levels are added because Woodard maintained a premises for the purpose of manufacturing or distributing a controlled substance. After two levels are added because of an adjustment for Obstruction of Justice, the <u>total offense level is thirty-two (32)</u>. Woodard would request this Court to take three (3) levels off for acceptance of responsibility because he admitted to his conduct in counts one through four in the opening statement during trial. If that reduction was granted, Woodard's total offense level would be twenty-nine (29).

<u>*Criminal History*</u>. As calculated by the probation department, Woodard has a criminal history score of twelve (12), and places him in <u>criminal history category V</u>.

<u>*Guideline Range*</u>. Pursuant to the guideline provisions, for the above totals Woodard's guideline range of imprisonment would be <u>188-235 months</u>.

<u>*Statutory Factors as Applied to Woodard*</u>

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

**(a) Nature and Circumstances of Offense**

After a jury trial, Woodard was found guilty of counts one through six. He did take responsibility for his conduct in counts one through four at the beginning of trial during the opening statement. Woodard was found not guilty of the death enhancement attached to count six. It is significant to note that Woodard proceeded to trial primarily because of count six. In view of his admission to counts one through four, and being found not guilty of the death enhancement, this should allow for him to have a reduction for acceptance of responsibility. *See*

*United States v. Cordell*, 924 F.2d 614,619 (6th Cir. 1991), *citing United States v. Gonzalez*, 897 F.2d 1018, 1020 (9th Cir. 1990) (stating "…3E1.1 authorizes reductions in sentences of defendants who are tried as well as of those who plead guilty.")

### (b) History and Characteristics of Defendant

As the information provided in the PSR uses information from the pretrial bond report and prior presentence reports, it is likely that the following information for this section may be out of date or incomplete.

Woodard was born in Cleveland, Ohio, on February 24, 1979, to a relationship of Virginia Woodard and Freddie Wilson. His mother still remains in Cleveland, but his father passed away in 2007. Woodard was raised by his mother and reported having a "normal" childhood. He recalled experiencing financial hardships growing up due to his mother being a single parent.

Woodard attended South High School until the 10th grade. He stopped attending because he went into custody. He reportedly earned his GED in 2000 while he was incarcerated. According to records obtained by the probation department from the ODRC, he started a GED program in 2012 but did not complete it. He also reported being enrolled at the University of Toledo from 2005 to 2007. Woodard completed college courses but did not earn a degree. He stopped attending because he went to prison.

In the ten years leading up to his arrest in this case, Woodard held one job. At the time of his arrest, he was employed at Special Vehicles in Cleveland, Ohio, where he had worked since August 2017. He worked as a mechanic and earned $2,500 a month.

2. **The Need for the Sentence Imposed to Promote Certain Statutory Objectives:**

7

> **(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Under the sentencing guidelines, the imprisonment range is 188 to 235 months, and there is a minimum mandatory 60-month statutory sentence associated with count five that must be run prior to and consecutive with any guideline sentence. The maximum term of imprisonment is life.

### 3. The Kinds of Sentences Available

In *Booker*, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756.  This renders the sentencing guidelines advisory.  *Id.*  Based on the circumstances of this case, imposition of the minimum guideline sentence would exceed the statutory directives.

Based upon a total offense level of 32 and a criminal history category of V, the guideline imprisonment range is 188 months to 235 months. Additionally, count five requires a minimum mandatory sentence of 60 months to be run prior and consecutive with any guideline sentence.

### 4. The Sentencing Range Established by the Sentencing Commission

In light of Woodard's guilty verdict, and him taking responsibility for his conduct in counts one through four, a sentence within the guideline range would be sufficient to comply with statutory directives.

### 5. The Need to Avoid Unwarranted Disparities

As referenced in the Presentence Investigation Report ("PSR"), a minimum guideline range is consistent with the §3553(a) factors, where the average sentence for similarly situated

8

defendants was 162 months. *See* Para. 111 of the PSR. In this case, a sentence greater than the minimum guideline sentence would create a disparity between Woodard and similarly situated defendants and would be greater than necessary to comply with the sentencing guidelines.

### 6. The Need to Provide Restitution to any Victims of the Offense

Restitution is not an issue in this case.

### CONCLUSION

Based on the preceding, Richard Woodard respectfully moves this Honorable Court to impose the minimum term of imprisonment as allowed by law. Doing so will promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid an unwarranted sentencing disparity.

/s/ Fernando O. Mack
FERNANDO O. MACK
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 6, 2025, a true and accurate copy of the following **Sentencing Memorandum for Defendant** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Fernando O. Mack